(15 App. Div. 548.)

STEWART v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 6, 1897.)

OFFICERS—ELIGIBILITY—MEMBERS OF LEGISLATURE.

The appointment of a member of the legislature by the justice of a district court of New York City to the office of clerk of such court is not prohibited by Const. 1895, art. 3, § 7, which provides that "no member of the legislature shall receive any civil appointment within this state * * * from the governor, the governor and senate, or from the legislature, or from any city government."

Controversy between John N. Stewart as plaintiff, and the mayor, aldermen, and commonalty of the city of New York as defendants, submitted without action on an agreed statement of facts, pursuant to Code Civ. Proc. § 1279. The controversy was transferred from the First department for hearing. Judgment for plaintiff.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Thomas Allison, for plaintiff.
Terence Farley, for defendants.

HATCH, J. By Laws 1896, c. 79, there was established in the city of New York an additional and civil judicial district and district court. The office thus created was filled by the appointment of Richard N. Arnow by the governor of the state, in pursuance of the terms of said act. Arnow duly qualified as such appointee, and entered upon the performance of the duties of the

office. Thereafter, and on May 4, 1896, said Arnow, acting as such justice, duly appointed the plaintiff the clerk of said court, and the latter duly qualified and entered upon the duties of such office, and has ever since continued to act as such clerk, and has performed the duties incident thereto. At the time of said appointment of the plaintiff as such clerk he was holding the office of member of assembly of the state; having at the general election held in November, 1895, been duly elected such member from the First assembly district of Westchester county for the term of one year, commencing on the 1st day of January, 1896, and having duly qualified and entered upon the duties of said office. The salary attached to the office of clerk of said court is the sum of $3,000 a year, payable by the defendant, in equal monthly installments, on the first day of each and every month. The plaintiff has duly presented to the comptroller of defendant his claim for salary as the same became due and payable, and payment thereof has been refused by the said comptroller. The ground upon which such refusal is based is that the plaintiff, at the time of his appointment, was ineligible for appointment as such clerk, by reason of the fact that at such time he was holding said office of member of assembly. The sole question, therefore, which the case presents, is, was the plaintiff's appointment a valid appointment? The ground of the plaintiff's ineligibility to hold the office is claimed to exist by virtue of an inhibition created by article 3, § 7, of the constitution of the state. It reads as follows:

"No member of the legislature shall receive any civil appointment within this state, or the senate of the United States, from the governor, the governor and senate, or from the legislature, or from any city government, during the time for which he shall have been elected; and all such appointments and all votes given for any such member for any such office or appointments shall be void."

It is claimed that this section creates an absolute prohibition of appointment of a member of assembly to any civil office within this state. It is quite within the language of the constitution, as well as within its spirit and intent, to say that its framers intended to differentiate between appointments which are exclusively military and those appointments which are civil. But this construction does not carry us to the length of holding that the provision absolutely excludes members of assembly from holding by appointment a civil office. Such is not the language of the section, as we read it. The prohibition is of receiving any civil appointment within this state, or the senate of the United States. This is not absolute, as appears by the qualifying words which follow; for therein it is limited to appointments so received from the governor, the governor and senate, or from the legislature, or from any city government. No inhibition exists to receive any civil appointment coming from any other source than is named in the section. It is argued that these qualifying words, as used in the constitution, refer solely to the last antecedent, which is, "or the senate of the United States." It is quite evident, however, that such construction cannot obtain, and give force to the entire language of the section. So far as relates to the appointment to the senate of the

United States, if this construction were to obtain it would be that such appointment could be made or come from the governor and senate. But the sufficient answer is that no appointment from such source is authorized by law. Appointments to the senate of the United States by state authority is limited to United States senators. But no appointment of these officers is authorized to be made by the governor and senate. They never act jointly upon such subject. A United States senator is elected by the legislature without the co-operation of the governor, and, if an appointment can be made by the governor at any time, it is made by him alone, and not in conjunction with the senate. So that the governor and senate can never co-operate in making such appointment. The language, therefore, excludes the construction that the qualifying words refer solely to the last antecedent. We are therefore left to discover if this appointment comes from any of the prohibited sources. It is not argued that it falls within any of these, unless it be from a city government. It is settled by authority that a justice of a district court is not an officer of a city government. Whitmore v. Mayor, 5 Hun, 195, affirmed on appeal 67 N. Y. 21; People v. Murray, 73 N. Y. 535. Consequently the appointment cannot be said to come from that source. Curiously enough, the quoted decisions are all made to rest upon Quin v. Mayor, 44 How. Prac. 267, affirmed on appeal 53 N. Y. 627. This case, however, did not decide that question, although the syllabus of the case says that it did. Judge Fancher, who wrote the opinion at special term, which was adopted in all the courts, makes meager disposition of the matter, in these words:

"It may be questioned whether the officers thus referred to include judicial officers. The term certainly does not include state officers who derive their office from the general laws of the state, and whose duties are not by law limited to the city and county of New York."

And the learned judge then proceeded to dispose of the question before him upon the assumption that district court justices were embraced within the act, and placed his decision upon another ground. However, the authority cited is sufficient to presently uphold the determination that such justices are not officers of a city government. People v. Court of General Sessions of New York Co., 13 Hun, 395.

It is further argued that it was the purpose of the constitution to disqualify legislators from being appointed to such offices as the plaintiff now holds. The constitution of 1846 provided for this subject in article 3, § 7. As then framed, it did not embrace the language "or from any city government." These words first made their appearance in the amendment to this section of the constitution adopted in 1874. By Laws 1862, c. 484, clerks of district courts were appointed by the board of supervisors for a term of six years. This remained the appointing power until 1872, when the power of appointment was vested in the justices of these courts. In 1877 this act was repealed. But it was re-enacted in the following year (chapter 345, Laws 1878). There does not seem to have been any relation between the adoption of the amendment to the con-

44 N.Y.S.—37

stitution in 1874 and the act which authorized the appointment of clerks by the justices of the district courts. When this amendment was adopted, and for two years prior thereto, the appointing power was the justices themselves, and the amendment did not operate thereon at all; consequently it could not have been aimed at them. Nor do we think that this amendment was ever intended to affect the question of the appointment of members of assembly, except such appointment came from some one of the sources therein mentioned. In other words, we think the evil which the amendment sought to remedy and prevent was the corruption of the appointing power and the member of assembly, rather than to exclude the member of assembly from participation in the civil service of the state. And the reason appears quite plain in the fact that, between the several sources of the power of appointment mentioned in the constitution and a member of assembly, there exists a relation by which the one or the other might be influenced in his official action. The appointing power might, in consideration of a vote for a particular measure, hold out as an inducement thereto a promise of appointment to a particular office. So, on the other hand, a member of assembly might withhold a vote for a particular measure in order to coerce the appointing power into a compliance with his demand for civil appointment. In other words, if the power existed to give and the right existed to receive, it could be made the basis of traffic for official action, and this evidently was the evil at which the amendment was aimed. No such reason exists, as applied to the appointing power in the present case. Consequently we find no repugnance between it and the constitutional amendment referred to. It has been decided that there exists no incompatibility between the office of a member of assembly and the office of a clerk of the same character as the clerk of this court as will prevent the holding of both offices by one person. People v. Green, 58 N. Y. 295; People v. Murray, 73 N. Y. 535.

We are therefore of opinion that the plaintiff was eligible to appointment to this office, and that his appointment was valid, in consequence of which he becomes entitled to judgment, as provided in the submission, with costs. All concur.