(94 Misc. Rep. 481)

PEOPLE ex rel. SCHNEIDER, County Clerk, v. PRENDERGAST, City Comptroller.

(Supreme Court, Special Term, New York County.   March, 1916.)

1. CLERKS OF COURTS ⬤⟞6—APPOINTMENT OF ASSISTANTS—APPROVAL.

Under Const. art. 6, § 19, providing for the office of clerk of the county of New York and making him the clerk of the Supreme Court, he is a state officer, not a city officer, and his right to appoint and promote his subordinates is not subject to the approval of other elective officials of the city government.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 12–20; Dec. Dig. ⬤⟞6.]

2. CLERKS OF COURTS ⬤⟞11—COMPENSATION—DETERMINATION.

Greater New York Charter (Laws 1901, c. 466) § 56, making it the duty of the board of aldermen, on the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury, other than day laborers and the heads of departments or elected officers, does not apply to county clerks, or the employés of that office, who are not paid from the city treasury, but from county moneys, raised by a separate county tax.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 33; Dec. Dig. ⬤⟞11.]

3. MANDAMUS ⬤⟞107—SUBJECTS OF RELIEF—ACTS OF OFFICERS.

Mandamus will lie to compel the comptroller of the city of New York to audit and certify the pay roll of the county clerk's office, which the comptroller has refused to do because of the appointment of general clerks in the office without obtaining a certificate from the duly authorized representative of the board of estimate and apportionment as to the necessity of the appointment and the propriety of the compensation, as required by a resolution attached to the budget for 1916.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 225, 232, 234; Dec. Dig. ⬤⟞107.]

Application by the People, on the relation of William F. Schneider, as Clerk of the County of New York, for peremptory mandamus to William A. Prendergast, as Comptroller of the City of New York, to compel defendant to audit and certify pay roll of county clerk's office.   Writ granted.

Order reversed in 158 N. Y. Supp. 615.

James A. Donegan, of New York City, for the motion.
Lamar Hardy, Corp. Counsel, of New York City, opposed.

COHALAN, J.   Application made by the county clerk of the county of New York for a peremptory writ of mandamus to compel the comptroller of the city of New York to audit and certify on the pay roll of the county clerk's office the names of two incumbents holding positions as general clerks in that office and to audit and certify for payment their respective salaries. The two clerks, William F. Schober and Jospeh T. Haiken, have been employed in the county clerk's office for less than 15 years, and prior to January 12, 1916, the former received a salary of $1,200 per annum and the latter a salary of $1,000 per annum. On the 12th day of January, 1916, one Thomas J. Mc-Niece, who held one of the ten general clerkships the compensation

for which was provided for in the 1916 budget at the rate of $1,380 per annum, died, and to the vacancy thus created the county clerk, with the consent of the state civil service commission, appointed Schober. Prior to this promotion Schober had held a general clerkship, the grade of which ranked next to that formerly held by McNiece. Haiken, who had formerly received $1,000 per annum, was promoted to fill the vacancy caused by the promotion of Schober. On January 24, 1916, the pay roll of the county clerk's office for the last half of January, 1916, duly certified by the officials of the county clerk's office and the state civil service commission, was transmitted to the comptroller for certification and audit, but the same was refused on the ground that by a resolution attached to the budget for 1916 any vacancy occurring in the county clerk's office may be filled only after a certificate is procured from the duly authorized representatives of the board of estimate and apportionment, namely, the bureau of standards and grades, certifying to the necessity of the appointment and the propriety of the compensation. No such certificate has been obtained.

In support of his position the comptroller relies on section 56 of the Greater New York Charter (Laws 1901, c. 466), which provides in substance that it is the duty of the board of aldermen, on the recommendation of the board of estimate and apportionment, to fix the salary of every officer or person whose compensation is paid out of the city treasury other than day laborers, and the heads of departments or elected officers. Pursuant to this power the resolution heretofore referred to was passed, and it is asserted that it is controlling in this proceeding. The only manner in which salaries of clerks in the county clerk's office are fixed by the board of aldermen is by a general provision in the budget wherein certain groups of clerks are enumerated, to wit: General clerk, 10, at $1,380—$13,800; general clerk, 30, at $1,200—$36,000. The names of the individual clerks do not appear. It is apparent that the enumeration of these general groups did not fix any specific salary that was to be paid to any designated person, but applied generally to certain groups of persons performing similar classes of work. The determination of the number of clerks and the salary rate prescribed a maximum both as to the number to be employed and the maximum salary to be paid to each of the class. The contention of the corporation counsel that the board of aldermen and the board of estimate have power to fix salaries may be admitted without interfering with the right of the county clerk to fill vacancies. The resolution annexed to the budget purports to impose a condition on the filling of vacancies and not on the expenditure of moneys appropriated, and, in the absence of any direct grant by the Legislature of the broad powers contended for, I am unwilling to give that construction to the provisions of law involved.

[1] The county clerk is a constitutional officer, as provided for in section 19 of article 6 of the Constitution of the state of New York, and is the constitutional clerk of the Supreme Court. He is therefore a state officer, not a city officer, and is a part of the judicial system of the state. People ex rel. Wogan v. Rafferty, 208 N. Y. 451, 102

N. E. 582. In that case the court held that even the Legislature of the state may not deprive the county clerk, a constitutional officer, of the right to name or appoint his own deputies. The court said:

"Where the Constitution establishes a specified office, or recognizes its existence, and prescribes the manner in which it shall be filled, the Legislature may not transfer any essential function of the office to a different officer chosen in a different manner. Warner v. People, 2 Denio, 272, 281 [43 Am. Dec. 740]."

It follows that the appointment and promotion of his subordinates is a right essential to the proper conduct of the county clerk's office, and it should be exercised only by the county clerk, and not be subject to the approval of other elective officials of the city government.

[2] Moreover, this officer is recognized as the official clerk of the Supreme Court in the Code of Civil Procedure, and his duties are regulated and prescribed therein. Section 56 of the Greater New York Charter, in my view, does not apply to county clerks or to the employés of that office. They are not paid from the city treasury, but are paid from county moneys raised by a separate county tax. Laws 1914, c. 450, amending Greater New York Charter, § 902. There are decisions holding that the section applies strictly to city officers; that is, such officers as are connected with the political organization of the city government. It does not include a judicial officer embraced within the judicial system of the state; the courts holding that an attaché of a court or of its clerk's office is not a part of the city government, but is a part of the judicial system of the state. Whitmore v. Mayor, 67 N. Y. 21; Quin v. Mayor, 44 How. Prac. 266, affirmed Quinn v. Same, 53 N. Y. 627; Taylor v. Mayor, etc., 67 N. Y. 93; Stewart v. Mayor, 15 App. Div. 548, 44 N. Y. Supp. 575; People ex rel. Gilchrist v. Murray, 73 N. Y. 535.

[3] If the contention is correct that every official receiving a salary paid out of the city treasury is subject to the mandates of the board of estimate and apportionment, then it would follow that a court has no power to fill a vacancy in the court without first securing the consent of the board of estimate and apportionment as recommended by the bureau of standards. But the courts have always had this undisputed right. If the court has power to select its officers without the approval of the board of estimate and apportionment, it would seem that the county clerk, who is an elective, constitutional officer, has the same right; he being essentially connected with that court.

I am satisfied that the county clerk was performing a proper function of his office and was entirely within his right to advance these officials to the respective positions now held by them; that he was not required to ask permission from the bureau of standards or the board of estimate and apportionment to make these promotions. A mandamus, therefore, should issue herein, requiring the comptroller of the city of New York to certify and audit the pay roll as submitted on the 24th day of January, 1916, by the county clerk of the county of New York.

Ordered accordingly.