JOHN E. BANE, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, September 29, 1937.

*Edmund J. Pickup*, for the plaintiff.

*Paul Windels, Corporation Counsel*, for the defendant.

CONWAY, J. At all the times here involved plaintiff was, and still is, a clerk in the office of the clerk of the county of Kings. He claims that during the period from January 1, 1933, to April, 1937, the defendant city unjustifiably made certain deductions in his salary. He maintains that for the years in question he was entitled to receive the annual salary of $3,540; that it was the exclusive prerogative of the county clerk to fix his salary; and that the city budgetary agencies were unauthorized to appropriate a lesser sum. By way of this action he seeks to recover the balance allegedly due and owing.

In its first defense the city interposes that it was authorized to make the deductions under the provisions of chapter 637 of the Laws of 1932, and chapter 178 of the Laws of 1934. A second defense has also been alleged, but, in view of the conclusion I have reached herein, it will be unnecessary to consider it.

Plaintiff contends that the first defense is insufficient for the reason that the city was not authorized under the provisions of chapter 637 to make any deduction in his salary. The statute provides substantially that the city of New York, through the board of aldermen and upon the recommendation of the board of estimate, may fix the salaries of all officers and employees (with certain exceptions) whose compensation, wholly or in part, is paid out of the city treasury. Section 2 thereof, in so far as applicable, specifically provides: "Notwithstanding any general, special or local law, ordinance or referendum, or the Greater New York Charter, as amended, to the contrary, except as otherwise provided in this act, the board of aldermen of the city of New York, upon the recommendation of the board of estimate and apportionment of such city, shall have the exclusive power to fix the salary of each and every officer or person, *not excluding officers and employees performing or engaged in State or county business or functions*, whose compensation, wholly or in part, *is paid out of the city treasury*, except that the provisions of this act shall not be construed to apply to or affect * * * the salaries or compensation of any officer, employee or other person *in* the following State courts: * * * The Supreme Court within the First Judicial District and Second Judicial District."

It is plaintiff's position, in the first instance, that he is exempted from the operation of the above statute upon the ground that his salary is not payable wholly or in part out of the city treasury. He argues that on the contrary his salary is payable *out of county funds* and cites in support of his contention the case of *People ex rel.*

*Schneider* v. *Prendergast* (94 Misc. 481), which was apparently reversed upon other grounds (172 App. Div. 215). In any event, the *Schneider* case cannot be invoked as an authority under the present controlling statutes. The court in that case, which was decided in 1916, was called upon to construe section 902 of the Greater New York Charter, as amended by chapter 450 of the Laws of 1914. The language of that section is significant in view of the legislative change which was thereafter made. It read in part: " And the board of aldermen is hereby authorized and directed to levy upon and collect from the taxable property within each of said counties respectively, the sum or sums so necessary to be raised to pay the salaries of county officers and other county charges and expenses of such county; *to the end that each of such counties shall ultimately bear and pay all expenses necessary to be incurred within the county for county as distinguished from city purposes.*"

The above section was, however, again amended by chapter 58 of the Laws of 1922 to read: " And the board of aldermen is hereby authorized and directed to levy upon and collect from the taxable property within the city of New York as now constituted, the sum or sums so necessary to be raised to pay the salaries of county officers and other county charges and expenses of such counties." (See, also, section 4 of the Greater New York Charter, which specifies that all charges and liabilities of the county of Kings shall be deemed to be charges and liability of the city of New York.)

Those sections suffice to indicate the fallacy of the plaintiff's contention to the effect that he is not paid from the city treasury.

Plaintiff further argues, however, that, in view of his capacity as clerk in the office of the clerk of Kings county, he must be regarded as an employee of the Supreme Court. He claims that he is, therefore, specifically excluded from the operation of the so-called Economy Act of 1932. Plaintiff fails, however, to properly read the statute. It states that employees " in " the Supreme Court are exempted. It is true that the plaintiff is a clerk *of* the court. It is equally true, however, that he is not a clerk *in* the court. A distinction is to be noted. A deputy clerk *of* the court performs only such duties as the county clerk is authorized to delegate to him. In the performance thereof he represents the county clerk. On the other hand, a clerk *in* the court acts solely as an *administrative employee of the justices themselves,* performing such duties the justices may assign. The distinction is sharply drawn by the Court of Appeals in *Devoy* v. *Craig* (231 N. Y. 186, at p. 190). Plaintiff is not a clerk " in " the Supreme Court, and consequently he is not exempted from the operation of the statute.

Plaintiff finally contends that the " furlough " deductions purportedly made pursuant to chapter 178 of the Laws of 1934 were illegal, in that it does not appear that the said deductions were approved either by the county clerk or by the State Civil Service Commission.   Under the broad provisions of section 4 thereof it was not requisite that the approval of either the above-named officer or agency be obtained as a condition precedent to the exercise of the power conferred by the statute upon the city budgetary authorities.

This motion has been brought by plaintiff for judgment under rule 112 of the Rules of Civil Practice.   That rule provides that, if either party be entitled to judgment, the court may direct the entry thereof " without regard to which party makes the motion." The plaintiff's application for judgment is denied for the reasons above stated, and judgment will be entered in favor of the defendant.