JAMES C. THOMAS, Plaintiff, *v.* COUNTY OF ONTARIO et al., Defendants.

Supreme Court, Special Term, Ontario County, October 17, 1946.

*Hugh M. Jones, Jr.,* for County of Ontario, defendant.

*Harry A. Sessions* for plaintiff.

CRIBB, J. Plaintiff brings this action against the defendants to recover for damages sustained by him through the wrecking of his airplane caused by the alleged negligent operation thereof by the defendant Elling who was at the time a deputy sheriff of Ontario County acting in his official capacity and who in behalf of said county had hired from the plaintiff said airplane for use in the performance of his official duties, and was so operating it at the time of the wrecking thereof.

This is a motion, brought on by the defendant county, to dismiss the complaint as against it on the grounds that it appears

on the face of the complaint that it fails to state facts sufficient to constitute a cause of action against said county.

The motion must be granted. Section 5 of article IX of the Constitution of the State of New York provides in part as follows: " Sheriffs shall hold no other office. They may be required by law to renew their security, from time to time; and in default of giving such new security, their offices shall be deemed vacant. *But the county shall never be made responsible for the acts of the sheriff* ". (Italics are mine.)

Section 182 of the County Law provides for the appointment of deputies by the sheriff. The sheriff and his deputies are considered as one and the same officer (see Public Officers Law, § 9; *Broschart* v. *City of New York,* 166 Misc. 515, affd. 255 App. Div. 776).

If a county could be held responsible for the acts of the deputy sheriffs and cannot be held responsible for the acts of the sheriff as provided by the State Constitution, that provision of the State Constitution would be of little effect since the sheriff by necessity must act through his deputies in most instances.

Motion granted. No costs. Let order enter accordingly.