Eva Isereau, as Administratrix of the Estate of George Dailey, Deceased, Plaintiff, v. Albert E. Stone, Individually and as Sheriff of Onondaga County, et al., Defendants.

Supreme Court, Special Term, Onondaga County, March 5, 1955.

*Julian W. Edgcomb, County Attorney (Eli Gingold* of counsel), for defendants.

*Hilbert I. Greene* for plaintiff.

HUDSON, J. This is a motion by the defendants for an order dismissing the complaint on the ground that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action.

The action was instituted against Albert E. Stone, individually and as Sheriff of Onondaga County, and the County of Onondaga. Both defendants are represented by the County Attorney of Onondaga County.

Section 5 of article IX of the Constitution of the State of New York provides: " But the county shall never be made responsible for the acts of the sheriff."

The Sheriff and his deputies are one and the same officer. (*Broschart* v. *City of New York,* 166 Misc. 515, affd. 255 App. Div. 776; *Thomas* v. *County of Ontario,* 187 Misc. 711; Public Officers Law, § 9.)

It would seem clear under this provision of section 5 of article IX of the Constitution that the complaint does not state a good cause of action against the defendant County of Onondaga and as against such defendant, the complaint is dismissed.

As against the defendant Albert E. Stone, individually and as Sheriff of Onondaga County, a different question is presented. This action was instituted to recover damages for the death of the plaintiff's intestate from a self-inflicted wound after he had first inflicted a fatal wound upon his wife and nonfatal wounds upon two neighbors.

It is alleged in the complaint that the defendants earlier in the day were informed that said George Dailey, plaintiff's intestate, had just committed an assault with a deadly weapon upon his wife, had threatened her life and left the premises promising to return under circumstances which would indicate that a further assault and a possible murder was reasonably to be anticipated. It is further alleged in the complaint that upon being so advised, defendants sent two deputy sheriffs to the scene of the assault and that a request was thereupon made of such deputy sheriffs for the aid and protection of the plaintiff's intestate's wife. It is further alleged in the complaint that despite the notice given to such deputy sheriffs of the likelihood of danger and violence to the plaintiff's intestate's wife such deputy sheriffs left the premises and unreasonably and unjustifiably failed to carry out their duties to prevent crime and to preserve the peace and as a result thereof failed to apprehend and arrest the plaintiff's intestate and prevent him from assaulting others and doing violence to himself resulting in his death which, except for the alleged misfeasance, nonfeasance, neglect, omission and breach of duty, would have permitted the prevention of the death of plaintiff's intestate.

The basis for the cause of action in the instant case seems to be that, had the deputy sheriffs, who were called to the scene of the original assault, taken suitable steps to intervene in the event that the plaintiff's intestate made good his threat to return to the scene of the first assault, they would have been able to prevent the plaintiff's intestate from effecting the second assault, murdering his wife and wounding two neighbors and eventually inflicting fatal wounds upon himself thereby giving rise to the present action for damages due to the death of the plaintiff's intestate.

I have already held that the complaint as against the County of Onondaga should be dismissed by virtue of the provisions of section 5 of article IX of the State Constitution.

Insofar as the complaint may attempt to set out a cause of action for the negligence or failure of duty on the part of the Sheriff, I can find no allegations in the complaint which would call for the necessity of any police protection for the plaintiff's

intestate or that any facts are set forth which would give the deputy sheriffs any reason to anticipate any necessity for police protection for the plaintiff's intestate or that the Sheriff or his deputies would have had any reasonable cause to believe, anticipate or foresee that the plaintiff's intestate would inflict upon himself any injury fatal or otherwise. No authorities have been presented supporting such a position nor have I been able to find any.

I am, therefore, of the opinion that the complaint, insofar as it is based on negligence or lack of the performance of any duty on the part of the Sheriff or his deputies to the plaintiff's intestate, does not state facts sufficient to constitute a cause of action against the Sheriff in his official capacity or personally and as to him shall be dismissed.

The motions as to each defendant are granted, without costs.