WILLIAM J. FARLEY, JR., Plaintiff, *v.* ALBERT E. STONE, Individually and as Sheriff of Onondaga County, et al., Defendants.

Supreme Court, Special Term, Onondaga County, March 19, 1955.

*Julian W. Edgcomb, County Attorney (Eli Gingold* of counsel), for defendants.

*Hilbert I. Greene* for plaintiff.

Hudson, J. This is a motion by the defendants for an order dismissing the complaint on the ground that it appears upon the face thereof that it does not state facts sufficient to constitute a cause of action.

The action was instituted against Albert E. Stone, individually and as Sheriff of Onondaga County, and the County of Onondaga. Both defendants are represented by the County Attorney of Onondaga County.

Section 5 of article IX of the Constitution of the State of New York provides: " But the county shall never be made responsible for the acts of the sheriff."

The Sheriff and his deputies are one and the same officer. (*Broschart* v. *City of New York,* 166 Misc. 515, affd. 255 App. Div. 776; *Thomas* v. *County of Ontario,* 187 Misc. 711; Public Officers Law, § 9.)

It would seem clear under this provision of section 5 of article IX of the Constitution that the complaint does not state a good cause of action against the defendant County of Onondaga and as against such defendant, the complaint is dismissed.

As against the defendant Albert E. Stone, individually and as Sheriff of Onondaga County, a different question is presented. This action is instituted to recover damages for injuries sustained by the plaintiff when he was shot while attempting to prevent one George Dailey, a neighbor, from shooting his wife, Mary Dailey.

It is alleged in the complaint that the defendants earlier in the day were informed that said George Dailey had just committed an assault with a deadly weapon upon his wife, had threatened her life and had left the premises promising to return under circumstances which would indicate that a further assault and a possible murder was reasonably to be anticipated. It is further alleged in the complaint that upon being so advised, defendants sent two deputy sheriffs to the scene who in turn sent for, summoned and commanded the plaintiff to aid in arresting and apprehending the said George Dailey and to protect the said Mary Dailey and others properly upon the premises and then left and abandoned the plaintiff and others to protect themselves and unreasonably and unjustifiably failed and refused to protect or otherwise carry out their duties to the plaintiff. It is further alleged that although requested to do so and having notice of the foreseeable consequences of their failure to do so such deputy sheriffs left with the result that the said George Dailey did return and the plaintiff was shot and injured.

It should be noted in the first instance that the allegations in the complaint that the plaintiff was sent for, summoned and commanded to the scene to aid in arresting and apprehending George Dailey and protecting Mary Dailey and that the deputy sheriffs who were sent to the scene by the defendants unreasonably and unjustifiably failed and refused to protect and otherwise carry out their duties to the plaintiff after having been requested to do so, are all of the most general nature, are conclusory and are lacking in supporting facts. These allegations are contained principally in paragraph 9 of the plaintiff's complaint. It is not clear therefrom whether the plaintiff's cause of action is based upon a right of recovery under the terms of section 1848 of the Penal Law or whether it is based upon a claim that the deputy sheriffs were negligent or failed to per-

form their duty, or whether an attempt is made to allege a cause of action on both grounds.

The allegations which might apply to a cause of action under section 1848 as set out in the complaint indicate that the plaintiff was not pressed into service to aid the deputy sheriffs in the carrying out of their duties as it appears that the deputies left the vicinity after making their investigation. Section 1848 of the Penal Law provides that an officer may command any person to aid and assist him in making an arrest or in retaking a person who has escaped legal custody, or in executing any legal process and it is when a person has been so engaged by a peace officer and is injured in carrying out such employment that a recovery is provided for. I can find no allegation in the complaint in this action which would support a cause of action under section 1848 of the Penal Law. The applicability of section 1848 of the Penal Law to situations of this kind is thoroughly discussed in *Schuster* v. *City of New York* (207 Misc. 1102), where at page 1112, the court stated: " Where a cause of action is given by statute a pleader must allege every fact which may be necessary to enable the court to determine the applicability of such statute. (*Austin* v. *Goodrich,* 49 N. Y. 266, 267–268; *City of New Rochelle* v. *Echo Bay Waterfront Corp.,* 268 App. Div. 182, 185.) " Therefore, insofar as the allegations of the complaint may be based upon an alleged right of recovery on the part of the plaintiff under the provisions of section 1848 of the Penal Law, the complaint should be dismissed.

Insofar as the complaint may attempt to set out a cause of action for the negligence or failure of duty on the part of the Sheriff, I can find no allegations in the complaint which would call for the necessity of any police protection for the plaintiff or any facts upon which the deputy sheriffs would have any reason to anticipate any injury to the plaintiff. Neither are there any facts or circumstances alleged to indicate that the plaintiff was called upon to be at the scene of the shooting or to in any way involve himself in the quarrel between the Daileys. The complaint, which it is alleged was first made to the defendants, and which was subsequently made to the deputy sheriffs upon their arrival at the scene was that George Dailey had indicated an intention to return and do bodily harm to his wife. Nowhere does it appear that any threat had been made by George Dailey of bodily harm to the plaintiff. I am, therefore, of the opinion that the complaint, insofar as it is claimed to be based on negligence or lack of the performance of any duty

on the part of the Sheriff's deputies, to this plaintiff, does not state facts sufficient to constitute a cause of action against the Sheriff either in his official capacity or personally and as to the Sheriff, such complaint should be dismissed. I have already dismissed the complaint as against the County of Onondaga by reason of the provisions of section 5 of article IX of the State Constitution.

In view of the very general allegations in the complaint which indicate that the plaintiff may claim to have been commanded to aid in arresting and apprehending George Dailey, the complaint will be dismissed without prejudice to the plaintiff to serve an amended complaint setting forth and alleging every fact which may be necessary to enable the court to determine the applicability of section 1848 of the Penal Law to such facts so that the plaintiff may maintain a cause of action should one exist against either of the defendants, for a recovery by him for any injuries sustained which are compensable under the provisions of such section 1848 of the Penal Law.

The motion is granted, without costs.