Carroll M. Roberts, J.
This is a related action to that brought by the same plaintiff against the City of Auburn and Police Department of the City of Auburn, decided herewith (2 Misc 2d 818). In this action the plaintiff seeks to recover damages as a result of being shot by Vincenzo D ’Agnesi, an alleged insane person. It is alleged that D ’Agnesi was on parole from Willard State Hospital and that he became violent and that the defendant sheriff and the defendant county were notified of such condition and were requested to take D’Agnesi into custody, and that they failed to do so, and by reason of such negligence the plaintiff suffered the injuries for which he seeks recovery.
Section 5 of article IX of the Constitution of the State of New York provides in part as follows: “ But the county shall never be made responsible for the acts of the sheriff.” Under such section the county cannot be held liable for the acts of the sheriff in providing or in failing to provide police protection to the public. (Farley v. Stone, 207 Misc. 934; Isereau v. Stone, 207 Misc. 938; Isereau v. Stone, 207 Misc. 941.)
There is no statutory duty imposed upon the county to take into custody, determine the mental condition, or confine a mentally ill person. Under subdivision 1 of section 81 of the Mental Hygiene Law, the duty is imposed upon the health officer of a town, city or village to take proceedings to determine the mental condition of apparently mentally ill persons. In subdivision 4 of the same section, it becomes the duty of the health *822 officer of a town, village or city to see that a mentally ill person is confined in a suitable place pending the determination of the question of his mental illness. Under subdivision 5 of the same section where a person, apparently mentally ill, has been taken into custody by a peace officer, it becomes the duty of the health officer of the town, village or city to take proper measures for the determination of the question of the mental illness of such person.
No facts are alleged, imposing any liability upon the part of the defendant, County of Cayuga, and the complaint must be dismissed as to this defendant.
■So far as the defendant, Willard Wilcox, as sheriff, is concerned, no acts of negligence are alleged on behalf of said defendant or any of his deputies other than the general allegation that when notified of the condition of D ’Agnesi, he failed to take him into custody and thereby prevent harm from happening to the public at large. Such allegations are allegations merely of the failure to provide police protection to the public. The failure to provide such protection is merely the failure to exercise a governmental function for which the defendant cannot be held liable. (Murrain v. Wilson Line, 270 App. Div. 372, affd. 296 N. Y. 845, motion for reargument denied 296 N. Y. 995; Landby v. New York, N. H. & H. R. R. Co., 278 App. Div. 965, motion for leave to appeal denied 278 App. Div. 1026, motion for leave to appeal denied 303 N. Y. 1014; Schuster v. City of New York, 286 App. Div. 389; Farley v. Stone, 207 Mise. 934, supra.)
Motion granted and complaint dismissed as to both defendants, with $10 costs.