(March 13, 1957)

■ WILLIAM J. FARLEY, JR., Appellant, v. ALBERT E. STONE, Individually and as Sheriff of Onondaga County, et al., Respondents. RAYMOND S. WALKER, Appellant, v. ALBERT E. STONE, Individually and as Sheriff of Onondaga County, et al., Respondents.

*Per Curiam.* These actions are companion to *Isereau* v. *Stone,* decided concurrently herewith (3 A D 2d 243). They are based upon the same incidents discussed in the opinion in that action. The complaints herein were dismissed as legally insufficient to state a cause of action against either defendant. Permission was given, however, to replead " an alleged cause of action compensable under the provisions of Section 1848 of the Penal Law ". It would appear from the respective orders that such leave to replead was against the defendant, Stone, as the complaint is dismissed upon the merits and without reservation as to the defendant county. Special Term in its memorandum in the *Farley* action, however, indicated that permission to replead a cause of action pursuant to section 1848 of the Penal Law " should one exist against either of the defendants ". Moreover the memorandum handed down in the *Walker* action limits· the right to replead as against the County of Onondaga.

Section 1848 of the Penal Law grants a remedy under stated circumstances " against the municipal corporation by which such officer is employed at the time ". The Sheriff obviously is not a municipal corporation so he could not be included as a party defendant in such an action. In our opinion Special Term reached the correct conclusion in ordering both complaints dismissed for legal insufficiency as to both defendants. We do not, however, adopt its reasoning but affirm for the reasons stated in the companion action of *Isereau* v. *Stone.* Neither do we embrace the language of Special Term in the respective decisions and orders in which there is spelled out the specific nature of the action plaintiffs are permitted to replead.

We do not pass upon causes of action not before us but sufficient has been written in the companion action to point out some of the questions that would have to be resolved in making a determination as to the relationship that existed between the deputy sheriffs and the County of Onondaga. Neither do we undertake to decide at this time as to whether an attempt to implement the provisions of section 1848 of the Penal Law as against the defendant county would not violate the constitutional provision (N. Y. Const., art. IX, § 5) that a county shall never be made responsible for the acts of the sheriff. (Cf. *Thomas* v. *County of Ontario,* 187 Misc. 711.)

The orders appealed from should each be modified to provide that the respective complaints are dismissed as to the defendant county with leave to respective plaintiffs to serve an amended complaint within 20 days after service of the order, as amended, together with notice of entry, upon plaintiffs' attorneys. The orders should be further modified to provide that the respective complaints are dismissed as to the defendant, Stone, upon the merits.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Orders modified in accordance with the opinion and as modified affirmed, without costs of this appeal to any party. [207 Misc. 934.]