Domenick L. Gabrielli, J.
In this action for money damages, the moving defendant, County of Cayuga, seeks an order dismissing the complaint on the ground that it fails to state a cause of action.
The infant plaintiff while committed to the Cayuga County Jail claims that he was “ repeatedly threatened, assaulted and battered by other inmates ”. The complaint then details the various alleged assaults and charges “ That the aforesaid threats, assaults and batteries and robberies occurred and arose due to the negligence of the agents, servants or employees of the county of onondaga and the county of cayuga, in that said agents, servants or employees negligently caused the infant plaintiff to be incarcerated in a cell block with inmates, who were known to have or should have been known to have sick, *444 assaulting, homocidal, maniacal, and sadistic propensities and tendencies; in the said agents, servants or employees failing to properly protect and guard the infant plaintiff while he was incarcerated, and in said agents, servants or employees failing to supervise and survey the inmates in the aforesaid cell block while the infant plaintiff as [sic] so incarcerated therein.”
The moving defendant takes the position that because of the provisions of section 5 of article IX of the Constitution of the State of New York which, in part, provides “ the county shall never be made responsible for the acts of the sheriff ”, the county cannot be liable, under any construction or interpretation of the complaint.
Upon the return date of the motion, counsel for the plaintiffs did not appear, but submitted the complaint and a letter addressed to the court in which he, in substance, stated that although it may appear upon the trial that the Sheriff and his deputies were the ones in control of the jail, the complaint itself does not specifically allege this fact.
The only person having any control over the custody and control over the conduct of prisoners is the Sheriff. Section 500-c of the Correction Law, insofar as it is applicable here, provides as follows: “ Each sheriff, except the sheriff of the city of New York, shall have custody of the county jails and shall receive and safely keep, in the county jail of his county, every person lawfully committed to his custody for safekeeping, examination or trial, or as a witness, or committed or sentenced to imprisonment therein, or committed for contempt.”
This is not an action brought to recover damages for negligent maintenance of a building or facilities or the physical plant of the jail. It is an action for damages based upon the negligence of the moving defendant in that the “ agents, servants or employees ” of the defendant failed “ to supervise and survey the inmates in the aforesaid cell block while the infant plaintiff was so incarcerated therein ”.
The jail is under the exclusive control of the Sheriff under section 500-c of the Correction Law. To do this work, the Sheriff is authorized to appoint “ keepers, guards, clerks and employees * * * and such appointees shall serve during his pleasure ”. (County Law, § 652, subd. 2.)
A Sheriff is responsible for the custody of prisoners in the county jail. (1934 Atty. Gren. [Inf.], 51 N. Y. St. Dept. Rep. 79.)
For all the foregoing reasons, this court concludes that the custody, treatment, care and control of all prisoners are in the Sheriff and no other person or persons in the county government.
*445 Section 5 of article IX of the Constitution of the State of New York provides, in part, as follows: “ But the county shall never be made responsible for the acts of the sheriff 7\
The Sheriff and his deputies are one and the same officer insofar as duties and obligations are concerned (Thomas v. County of Ontario, 187 Misc. 711) and our courts have universally held that the county cannot be made responsible for the acts of the Sheriff. (Iserau v. Stone, 3 A D 2d 243; Farley v. Stone, 3 A D 2d 810.)
Motion granted and complaint is dismissed as against the defendant, County of Cayuga.