■ In the Matter of GARY BOLSTER, Petitioner, v WILLIAM T. CARBOY, as Sheriff of Warren County, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Warren County) to review a determination of respondent Sheriff of Warren County, which terminated petitioner's employment after a

disciplinary hearing. Shortly after the commencement of petitioner's duty as Senior Deputy Sheriff at the Warren County Jail at midnight on December 15, 1980, a severe disturbance broke out among 32 male inmates. These inmates were, at the time, confined to their individual cells on a cellblock and when they refused to obey petitioner's command for "quiet", he opened all of the windows on that block for over an hour, with the temperature outside below 0° Fahrenheit. He then retired to a warmer office. No attempt was made by petitioner to segregate the instigators of the disturbance from the other inmates. The disturbance lasted until about 2:30 A.M. and during the time it was taking place petitioner failed to make rounds and wind the mechanical clock, as required by the minimum standards and regulations of the State Commission of Correction. Nor did he notify the Sheriff, Undersheriff or any other superior officer of the disturbance, or attempt to contact or seek assistance from any of the officers who were then on road patrol. These facts were found established at petitioner's disciplinary hearing held pursuant to section 75 of the Civil Service Law. Petitioner was found guilty of incompetence and misconduct and recommended for termination. These findings by the hearing officer were adopted by respondent Sheriff and it is his determination that is challenged in petitioner's article 78 proceeding here for review. Inasmuch as the record contains substantial evidence to support the determination, it must be upheld. As a Deputy Sheriff in charge of confined inmates, petitioner's position required that he properly balance the human rights of the inmates and the safety and protection of society, not only in regard to the instant disturbance, but also insofar as his conduct might lead to future disruption. So viewed, it cannot be said, as a matter of law, that respondent Sheriff abused his discretion by the action taken (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 237). Nor can the punishment of termination be said to be so shocking to one's sense of fairness as to be unreasonably harsh and excessive (*Matter of Pietranico v Ambach,* 82 AD2d 625, affd 55 NY2d 861). The determination should, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Yesawich, Jr., JJ., concur.