*198 OPINION OF THE COURT
John G. Dier, J.
Attorneys for defendants bring this motion for summary judgment dismissing plaintiff’s five causes of action on the ground that defendants owed no duty of protection to plaintiff. Plaintiff opposes the motion in its entirety.
Upon review of defendants’ moving papers including supporting affidavit, copies of defendant’s answer, demand for a bill of particulars, demand to produce statements, demand for names of witnesses, demand for an examination before trial of all parties and a physical examination of the plaintiff, a copy of plaintiff’s summons and complaint; a reply affidavit and two memoranda of law; and upon review of plaintiff’s opposing papers including an affidavit in opposition as well as copies of the summons and complaint and memorandum of law, defendants’ motion is hereby denied in part and granted in part.
The facts of the matter appear to be that on August 1, 1983, the plaintiff while a prisoner in the Schenectady County Jail was assaulted by two fellow prisoners. Plaintiff filed a notice of claim on defendant Waldron and on Schenectady County within 90 days of the incident, although copies of said claim were not attached to plaintiff’s opposing papers.
Plaintiff brings three separate causes of action against Sheriff Waldron, one cause of action against an unknown correction officer, and one cause of action against Schenectady County.
The first cause of action against defendant Sheriff Waldron alleges that the Sheriff negligently failed to have adequate supervision of plaintiff’s tier and more specifically failed to provide or assign a sufficient number of correction officers to supervise that tier.
Defendants argue that the Sheriff had no duty to protect the plaintiff. Pursuant to section 500-c of the Correction Law, the jail is under the exclusive control of the Sheriff and inmates are to be in his safekeeping.
The court concluded in Edwards v County of Onondaga (39 Misc 2d 443) that the custody, treatment, care and control of all prisoners are in the Sheriff. Section 500-c *199 of the Correction Law was intended to absolve a Sheriff from liability for false imprisonment but not from his negligence (Lavigne v Allen, 36 AD2d 981). It is clearly a question of fact for trial whether or not the Sheriff was negligent in the performance of his job with respect to providing adequate supervision of plaintiff’s tier.
Defendants cite a number of cases in which various law enforcement agencies and individual persons were not held liable for harm to specific individuals. However, in the case at hand, the plaintiff was in the custody of the Sheriff of Schenectady County, creating a duty by statute to the plaintiff. Custody of a prisoner passes to the Sheriff upon the signing of the commitment, and section 500-c of the Correction Law makes the Sheriff responsible for an inmate’s safekeeping. In an action for damages for injuries suffered by a prisoner as the result of a suicide attempt, the court refused to grant a motion for summary judgment since there were jury questions as to whether the Sheriff did or did not order supervision of the prisoner and whether or not the orders were inadequate and the proximate cause of the prisoner’s injuries ('Wilson v Sponable, 81 AD2d 1). There is clearly both statutory and case law which prohibit the granting of defendant’s motion for summary judgment as to the first cause of action.
The second cause of action brought by plaintiff against the Sheriff alleges that the Sheriff was negligent in the performance of his duties since he knew of the dangerous and violent propensities of the inmates who attacked plaintiff and should have separated the plaintiff from these individuals. While there is no specific statutory authority for plaintiff’s claim, the Sheriff does have discretion with respect to segregating inmates. It is a question of fact whether that discretion was abused in this case.
In the third cause of action against Sheriff Waldron, the plaintiff attempts to hold the Sheriff vicariously liable for the negligence of a subordinate correctional officer. In Wilson v Sponable (supra) the court stated that a Sheriff could not be vicariously liable for alleged misfeasance of his deputies in performing their duty of supervision of a prisoner. In Barr v County of Albany (50 NY2d 247) the court said that a Sheriff cannot be held personally liable *200 for the acts or omissions of his deputies while performing criminal justice functions. The weight of the case law does not hold the Sheriff liable for the negligence of his deputies and furthermore the Sheriff is not expected to personally oversee the acts of all his deputies. Therefore, the third cause of action against the Sheriff of Schenectady County should be dismissed.
The cause of action against the unknown correction officer, John Doe, clearly is feasible. In Matter of Bolster v Carboy (88 AD2d 1023) a deputy sheriff was held liable when he failed to make rounds during a disturbance. Therefore, there is a triable issue of fact as to whether John Doe, the unknown correction officer, was negligent in the performance of his duties.
The final cause of action against the County of Schenectady is less clear. Section 13 of article XIII of the New York State Constitution states that “the county shall never be made responsible for the acts of the sheriff.” In Edwards v County of Onondaga (supra) the county could not be held liable for an assault committed on a minor inmate by other prisoners in the jail, because the jail is under the exclusive control of the Sheriff. However, a county was held liable for injuries suffered by a prisoner while working in a penitentiary workshop where the injuries were the result of the negligence of a county employee (Holmes v County of Erie, 266 App Div 220).
Plaintiff asserts that it is attempting to hold the county independently liable for its own negligence and not for any negligence on the part of Sheriff Waldron or his staff. Plaintiff attempts to hold Schenectady County liable for not closing the jail when it knew or should have known of dangerous conditions there and for failing to appropriate proper funds to the Schenectady County Sheriff’s Department for hiring of personnel.
It is clearly not the duty of the county to inspect the jail and in fact the responsibility for overseeing the conditions in the jail falls on the New York State Commission of Correction as well as the Sheriff of the county (see Correction Law, §§ 500-c, 43,45). With respect to a cause of action for negligent or insufficient funding of the Sheriff’s Department, there does not appear to be any statutory or case *201 law in this regard. While there are cases which hold the county liable in premises liability as landlord or landowner, the plaintiff had not alleged a case of premises liability. Therefore, the cause of action against the County of Schenectady should be dismissed.
Plaintiff’s third and fifth causes of action are hereby dismissed. Attorneys for defendants to submit proposed summary judgment with respect only to the afore-mentioned causes of action.