Requestor: Hon. William G. McMahon, Commissioner N.Y.S. Commission of Correction 60 South Pearl Street Albany, N.Y. 12207
Written by: Robert Abrams, Attorney General
Your office has asked whether New York law permits a county to delegate the operation and administration of the county jail to a private firm.
Under section 500-c of the Correction Law, sheriffs[1] have custody of the county jail and are charged with the duty to receive and keep safely every person lawfully committed to their custody. Correction Law § 500-c; Op Atty Gen (Inf) No. 90-66; 1987 Op Atty Gen (Inf) 102; 1980 Op Atty Gen (Inf) 244; 1974 Op Atty Gen (Inf) 176.[2] 217, Art. 17. Persons are committed to the custody of the sheriff to secure their attendance at a pending criminal action or to serve sentences of incarceration. Commitment to the custody of the sheriff for those purposes can come at various stages in the proceeding, including the arraignment (Criminal Procedure Law § 210.15[6]), the sentencing (id., § 430.20[1]), following denial of a bail application (id.,
§ 510.40[1]) and pursuant to a surrender prior to forfeiture of bail (id., § 530.80[1][a]).[3] Commitment may also be made pursuant to a securing order. Id., § 510.10.
Whatever the circumstances of an individual's confinement, once committed to the custody of the sheriff, the sheriff has a duty to "receive and safely keep" such person in the county jail. Correction Law §500-c(4). Indeed, the County Law provides that when an incoming sheriff replaces an outgoing sheriff, the outgoing sheriff must "deliver the custody of all prisoners confined in the jail" to the incoming sheriff. County Law § 405(2).
The courts have regularly held that this duty to "receive and safely keep" such persons cannot be delegated by the sheriff. In Wilson vSponable, 81 A.D.2d 1 (4th Dept), appeal dismissed, 54 N.Y.2d 834 (1981), an individual who was injured while confined to the county jail sought recovery based on the alleged negligence of the sheriff. The sheriff argued that he was not liable because he had delegated supervision and control of the jail to a deputy. The court rejected this defense, concluding that "the sheriff cannot [by] delegating authority to his deputies absolve himself of a statutory duty". Wilson, supra,81 A.D.2d at 5;see also, Kemp v Waldron, 125 Misc.2d 197 (Sup Ct, Schenectady Co, 1984), affd, 115 A.D.2d 869 (3d Dept 1985) ("the sheriff has a nondelegable duty to keep persons in the county jail safe"); Edwards vCounty of Onondaga, 39 Misc.2d 443 (Sup Ct, Cayuga Co, 1963) ("[a] sheriff is responsible for the custody of persons in the county jail").[1]
Further indication that the sheriff's duty is nondelegable is found in Correction Law § 500-j which limits access to county jails to specific government officials and clergy. Only statutorily authorized persons may access county jails, and then only pursuant to regulations prescribed by the sheriff. Id., § 500-j.
Correction Law § 45(6) provides that the sheriff's responsibilities with regard to the care, custody, treatment, supervision and discipline of persons confined to the county jail are subject to the minimum standards set by the Commission of Correction. See, 9 NYCRR §§ 7000,et seq.; McNulty v Chinlund, 62 A.D.2d 682, 687 (3d Dept 1978); Kemp vWaldron, supra. The Commission's authority, however, does not limit or alter the sheriff's responsibility for the county jail and custody of its inmates.
In our view, the delegation of the maintenance and operation of a county jail to a private firm is not authorized under current law. Not only is there no specific authorization for such a delegation, but we believe that a delegation would be inconsistent with the many provisions of law giving the sheriff specific responsibilities in the custody of detainees and prisoners. Included are the provisions requiring that the sheriff take custody of persons at various stages of a criminal proceeding; that the sheriff receive and safely keep in the county jail persons committed to his custody; and that he deliver custody of prisoners to the incoming sheriff. Implicit in these provisions is a legislative determination that the sheriff, an elected public officer, personally undertake, with the assistance of employees of the sheriff's office, these statutory functions. We distinguish these functions from other more general functions such as general maintenance of the building housing the jail. We see no impediment to contracts with private firms for undertaking functions in the latter category.
Decisional law has recognized that the sheriff bears the ultimate responsibility for the proper discharge of these functions. We believe that without statutory authority these functions cannot be taken out of the sheriff's control and given to private entities. We have reached similar conclusions with regard to the sheriff's responsibility to transport extradited persons. Op Atty Gen (Inf) No. 90-18; 1980 Op Atty Gen (Inf) 244.
We note that jurisdictions which currently allow privatization of correctional facilities do so pursuant to specific statutory authorization. See, Co. Rev. Stat., § 17-27-105; Fl. Stat. Ann. 951.062; and Tenn. Code Ann., §§ 41-24-101, et seq.
We conclude that in light of specific statutory provisions placing the duty of custody and control of county jails and inmates on sheriffs and in the absence of specific statutory provisions providing for privatization of county jails, there is no basis in New York law for privatizing county jails.
[1] In the City of New York, and in the counties of Westchester and Monroe, a different public official carries out these duties.
[2] The legislative body of the county is required to appropriate funds to maintain the jail and determines the amounts of appropriations for the appointment of deputies and other employees by the sheriff. County Law § 217, Art 17.
[3] For example, section 210.15 of the Criminal Procedure Law provides, in relevant part, as follows:
 "Upon the arraignment, the court, unless it intends to make a final disposition of the action immediately thereafter, must, as provided in section 530.40, issue a securing order, releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the sheriff for his future appearance in such action."
CPL § 210.15(6).
 Section 510.40 provides, with regard to bail applications, as follows:
 "1. An application for recognizance or bail must be determined by a securing order which either:
 "(a) Grants the application and releases the principal on his own recognzance; or
"(b) Grants the application and fixes bail; or
 "(c) Denies the application and commits the principal to, or retains him in, the custody of the sheriff."
CPL § 510.40(1).
[1] These cases were decided prior to the constitutional amendment which deleted the prohibition against a county being held responsible for the acts of the sheriff. N.Y. Const, Art XIII, § 13. However, inasmuch as the sheriff's duty, and its nondelegable nature, derive from section 500-c and not the Constitution, the amendment to Article XIII does not affect the conclusions reached in these cases.