■ In the Matter of THOMAS J. DELANEY, as Sheriff of the County of Westchester, Respondent. WILLIAM F. POLSEN, as Chief of the Police Department of the City of Yonkers, Appellant, et al., Defendant.—In an action for a permanent injunction, defendant William F. Polsen, the Police Chief of the City of Yonkers, appeals from a judgment and order (one paper) of the Supreme Court, Westchester County, dated April 26, 1976, which (1) denied his motion to dismiss the complaint, (2) granted plaintiff's cross motion for summary judgment, (3) enjoined the City Court of Yonkers and/or its Judges from ordering the Sheriff of Westchester County to transport principals to and from the City Court of Yonkers, (4) declared that it was the duty of the police officers of the City of Yonkers to execute the mandates of the Yonkers City Court, and (5) enjoined the Yonkers police force from failing to transport principals to and from the City Court of Yonkers. Judgment and order modified, on the law, by (1) adding to the second decretal paragraph, immediately after the word "granted," the following, "to the extent indicated herein" and (2) substituting in the fifth decretal paragraph the word "refusing" for the word "failing" and adding thereto, after the words "City Court of Yonkers", the following, "pursuant to the lawful mandates of that court". As so modified, judgment and order affirmed, without costs or disbursements. In the City of Yonkers, the transportation of "principals" (i.e., defendants and material witnesses [see CPL 500.10, subd 1]) between the Yonkers City Court and the city jail had been performed for years by members of the Yonkers city police force. However, with the closing of the city jail due to the 1975 fiscal crisis, the role of housing those principals formerly confined in the city jail shifted to the County of Westchester, and with it arose the question of whether the function of transporting said principals to and from the City Court had likewise been shifted to the county and, more particularly, to the Westchester County Sheriff's office. We agree with Special Term that the question must be answered in the negative. Pursuant to the dictates of the CPL (which, in the absence of any contrary direction, governs the practice and procedure in criminal matters in the City Court [UCCA, § 2001]), a local criminal court (see CPL 10.10, subd 3, par [c]) *must,* upon arraignment of an individual charged with a felony, either dismiss the action or "issue a securing order which, as

provided in subdivision two of section 530.20, either releases the defendant on his own recognizance or fixes bail or *commits him to the custody of the sheriff for his future appearance in such action*" (CPL 180.10, subd 6; emphasis supplied). In general, when a securing order is issued committing the custody of a principal to the Sheriff, it is the latter who will be called upon to transport the principal to the appropriate jail and, similarly, when the court requires the attendance of a principal committed to "the custody of the sheriff", the court in which attendance is required "may compel such attendance by directing the sheriff to produce him" (CPL 510.50; see, also, CPL 550.10, subd 2, par [a]). In counties such as Westchester, however, in which a department of corrections has been established, it is provided by statute that a "commitment to the custody of the sheriff" *means* a commitment to the custody of the county commissioner of correction (CPL 1.20, subd 35), so that, at the present time, the Sheriff of Westchester County (who is, tangentially, no longer responsible for the operation of the county's jails [see Correction Law, § 500, subd 8; § 500-c]) is *not* the officer into whose custody defendants arraigned in the local criminal courts are or may be committed. Lacking such custody and control over principals committed, by operation of law, to the custody of the Westchester County Commissioner of Corrections (see CPL 1.20, subd 35), it is clear that the Westchester County Sheriff cannot be compelled to take charge of such principals or "produce" them in the Yonkers City Court (cf. CPL 510.10, 510.50). By way of contrast, police officers of the City of Yonkers are specifically required "to execute all criminal processes and mandates of the [city] court" (UCCA, § 105, subd [b]), and no exception regarding orders affecting the transportation of principals appears. Accordingly, there does not appear to be any basis for the Yonkers police to refuse a mandate of the City Court to produce a given principal at a specified time and place. The issue not being directly before us, and since the Commissioner of Correction is not a party to this action, we express no opinion as to the rights and obligations of the commissioner regarding the transportation and/or production of principals committed to his custody (cf. CPL 1.20, subd 35, with CPL 510.50 and 550.10, subd 2, par [a]). Titone, J. P., Gibbons, Gulotta and Martuscello, JJ., concur.