■ CITY OF NEWBURGH, Respondent-Appellant, v COUNTY OF ORANGE, Appellant-Respondent. — In an action, *inter alia*, (1) for a judgment declaring defendant responsible for the cost of transporting prisoners to and from the Orange County jail and the Newburgh City Court, and (2) for money damages, defendant appeals, and plaintiff cross-appeals, as limited by their respective briefs, from so much of a judgment of the Supreme Court, Orange County (O'Gorman, J.), entered October 1, 1980, as declared (1) that the Orange County Sheriff has the duty to transport prisoners to and from the City Court of the City of Newburgh and the Orange County jail upon the issuance of a lawful mandate by such City Court directing such transport, and (2) that the Police Department of the City of Newburgh also has the duty to transport prisoners to and from the City Court of the City of Newburgh and the Orange County jail upon the issuance of a lawful mandate by such City Court directing

such transport. Judgment modified, on the law, by inserting after the third decretal paragraph, the following: "ORDERED, ADJUDGED AND DECREED that, absent a lawful mandate of the City Court of the City of Newburgh to the contrary, the Sheriff of the County of Orange shall have the primary responsibility for transportation of principals between such court and the Orange County jail." As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. When a prisoner is committed to the custody of the Sheriff, it is the Sheriff who must transport him to and from the appropriate jail, unless the court delegates the responsibility to another officer (see *Matter of Delaney [Polsen]*, 75 AD2d 642, mot for lv to app den 51 NY2d 707). Absent such delegation, if local authorities provide such transportation because of the inability or refusal of the Sheriff to do so, the cost is properly a county charge (see 1977 Atty Gen [Inf Opns] 280). Margett, J. P., O'Connor, Weinstein and Bracken, JJ., concur.