■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROSEN-BLUM, Appellant. — Judgment of the County Court, Westchester County (Albanese, J.), rendered June 26, 1980, and order of the same court, dated November 21, 1981, affirmed. No opinion. This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Weinstein, J. P., Gulotta, O'Connor and Boyers, JJ., concur.

## (June 21, 1982)

■ CITY OF POUGHKEEPSIE, Respondent, v COUNTY OF DUTCHESS et al., Appellants. — In a declaratory judgment action, defendants appeal from so much of a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated October 13, 1981, as granted plaintiff's motion for partial summary judgment to the extent it determined that the Sheriff of Dutchess County has the duty to transport prisoners between the Poughkeepsie City Court and the Dutchess County Jail upon the issuance to the Sheriff of a lawful mandate of the City Court. Judgment affirmed, insofar as appealed from, without costs or disbursements. The law is now well settled that under these circumstances the County Sheriff has the primary responsibility for transportation of prisoners between the City Court and the county jail (see *Village of Walden v County of Orange,* 85 AD2d 600; *City of Newburgh v County of Orange,* 85 AD2d 591). Bracken, J. P., Brown, Rubin and Boyers, JJ., concur.

■ FRANK J. CORIGLIANO, Respondent, v DEBORAH CORIGLIANO et al., Appellants. (Action No. 1.) ANTHONY CORIGLIANO, Respondent, v DEBORAH CORIGLIANO et al., Appellants. (Action No. 2.) — In two actions for an accounting and for related relief, defendants appeal from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated November 6, 1981, as (1) denied their motion for recusal of the court, (2) denied their cross motion for temporary injunctive relief against plaintiff Anthony Corigliano and (3) granted those branches of plaintiffs' motions which were for the appointment of a receiver *pendente lite.* Order modified by deleting therefrom the provisions relating to the granting of those branches of plaintiffs' motions which were for the appointment of a receiver *pendente lite,* and substituting therefor provisions denying said branches, and enjoining defendants from selling, transferring, destroying, secreting or removing from this State any of the assets of the estate of Gary Corigliano, deceased, doing business as United Carting Company and Unity Rubbish and Carting Corp., pending the trial of the actions. As so modified, order affirmed, insofar as appealed from, without costs or disbursements (see 7A Weinstein-Korn-Miller, NY Civ Prac, par 6401.05; *Cass v Realty Securities Co.,* 144 App Div 916; *Mester v Morgenstern,* 281 App Div 967). Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.