THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v KATHY BOUDIN and SAMUEL BROWN, Defendants.

Second Department, April 2, 1984

### APPEARANCES OF COUNSEL

*Dan Pochoda* for Kathy Boudin, defendant.

*Robert N. Isseks, P. C.,* for Samuel Brown, defendant.

*Samuel S. Yasgur, County Attorney,* for County of Westchester.

*Whiteman, Osterman & Hanna* (*Scott N. Fein* of counsel), for County of Rockland.

*Robert Abrams, Attorney-General* (*Lawrence Doolittle* of counsel), for New York State Commission of Correction, *amicus curiae.*

### OPINION OF THE COURT

TITONE, J. P.

This is an application by defendant Kathy Boudin, joined in by codefendant Samuel Brown, for an order compelling their transfer from the Rockland County Jail to a Westchester County correctional facility. It is claimed that by virtue of this court's order entered December 2, 1983,

which granted their applications to change venue from Orange County to another county to the extent that the venue of the action was removed to Westchester County (*People v Boudin,* 97 AD2d 84), they must be confined in Westchester County during the pendency of the criminal proceedings. We disagree.

Subsequent to the entry of our order changing venue, on December 15, 1983, we directed the Sheriff of Orange County to maintain custody of Kathy Boudin "until such time as there is adequate room to house * * * defendant by the Westchester County Correctional officials or until further order of this court". Thereafter, the Westchester Commissioner of Correction applied to the State Commission of Correction for a substitute jail order, pursuant to section 504 of the Correction Law, upon the ground that the Westchester facility was unsafe and unfit for the defendants' confinement. The commission granted the application on February 10, 1984 and, among other things, designated the Rockland County Jail as the substitute facility.

A CPLR article 78 proceeding, challenging this action, was brought by defendant Boudin in Albany County. On March 12, 1984, the petition was dismissed.

CPL 230.20 (subd 2) provides that when a motion to change venue is granted the "order must, if the defendant is in custody at the time, include a provision for transfer of custody by the sheriff or other appropriate public servant of the county of confinement to the sheriff or other appropriate public servant of the county to which the action has been removed". The purpose of this requirement is to enable the appropriate public servant of the transferee county to carry out the statutory duty of transporting and producing the defendant in that county's superior court (CPL 510.10, 510.50, 550.10; see *City of Poughkeepsie v County of Dutchess,* 88 AD2d 964; *Village of Walden v County of Orange,* 85 AD2d 600; *City of Newburgh v County of Orange,* 85 AD2d 591; *Matter of Delaney [Polsen]*, 75 AD2d 642, mot for lv to app den 51 NY2d 707).

The place of confinement, however, is governed by the Correction Law, not the CPL. While it is true that a defendant generally should be confined in the county in which the proceedings will be conducted (Correction Law,

§ 500, subd 8; § 500-c), the Legislature has recognized that extraordinary circumstances may preclude the Sheriff or local commissioner of correction, from doing so. Accordingly, it has provided a mechanism for designating a substitute facility (Correction Law, § 504).

Insofar as here pertinent, subdivision 1 of section 504 of the Correction Law requires the State Commission of Correction to "designate another suitable place within the county, or the jail of any other county, for the confinement of some or all of the inmates, as the case requires" when, upon appropriate application, it is certified that the local facility has become "unfit or unsafe for the confinement of some or all of the inmates". By operation of law, the substituted facility "thereupon becomes, to all intents and purposes * * * the jail of the county for which it has been so designated" (Correction Law, § 504, subd 1). Acting pursuant thereto, the responsibility of transporting the inmate to and from court appearances may be delegated to the public servant in charge of the substituted facility (cf. *City of Newburgh v County of Orange, supra; Matter of Delaney* [*Polsen*], *supra*).

We do not, of course, pass upon the propriety of the issuance of a substitute jail order in this case. The State Commission of Correction is not a party to this proceeding and it would be inappropriate to address issues relating to its jurisdiction in its absence (see *City of New York v Long Is. Airports Limousine Serv. Corp.,* 48 NY2d 469, 475; *Matter of Delaney* [*Polsen*], *supra*). Nonetheless, it should be noted that, in light of the 1974 amendment to section 504 of the Correction Law, which designated the Commission of Correction, as opposed to certain judicial officials, as the agency to pass on applications for substitute jail orders (L 1974, ch 799; see Memorandum of State Department of Correctional Services, 1974 McKinney's Session Laws of NY, p 2039), it must be assumed that the Legislature intended that judicial review, if any, be limited (cf. *Legal Aid Soc. v Ward,* 61 NY2d 744).

In sum, we find that the present confinement of these defendants in the Rockland County Jail is violative of neither CPL 230.20 (subd 4) nor of our order granting the defendants' applications for a change of venue. Accordingly, the instant applications should be denied.

MANGANO, THOMPSON and BRACKEN, JJ., concur.

Applications by defendants Boudin and Brown for an order compelling their transfer from the Rockland County Jail to a Westchester County correctional facility.

Applications denied.