OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
On August 13, 1982, petitioners, pretrial detainees awaiting trial upon felony charges, were transferred from the Monroe County Jail to the Yates County Jail. The purpose of the transfer to the Yates County Jail, which is approximately a distance of 60 miles from the Monroe County Jail, was to alleviate severe overcrowding at the Monroe County facility. Petitioners challenged the trans *870 fer on statutory and constitutional grounds relating to access of counsel.
Although the petitioners have since been released or returned to Monroe County Jail and are no longer affected by the transfer, it was not error for the Appellate Division not to dismiss the appeal as moot as it presents an important question of statutory construction which is likely to recur.
The transfer of petitioners by the Monroe County Sheriff was accomplished pursuant to clear statutory authority. Subdivision 1 of section 504 of the Correction Law provides that if a county jail becomes unsafe or unfit for the confinement of some or all of the inmates, the State Commission of Correction must designate another suitable place within the county, or the jail of any other county, for the confinement of such inmates. By order of the State Commission of Correction, dated August 11, 1982, the Yates County Jail was designated as a substitute jail for the Monroe County Jail. The hazards associated with an overpopulated prison are manifest and would certainly qualify the Monroe County Jail as “unfit or unsafe” so as to justify the transfer of prisoners.
The Sheriff’s selection of petitioners for transfer was rationally based upon the noneligibility of certain other inmates for transfer. Moreover, the transfer of petitioners was within the discretion of the Sheriff since subdivision 1 of section 504 of the Correction Law permits the transfer of “some or all of the inmates, civil or criminal”, without limitation. Such discretion was unrestricted by the order of the Commission of Correction.
Accordingly, the conduct of the Sheriff, which necessarily reflected a legitimate concern for the safety and well-being of all inmates in his charge, including petitioners, constituted a valid exercise of discretion.
Insofar as petitioners have failed to tender sufficient proof, either documentary or testimonial, of actual deprivation of constitutional guarantees protected by the State and Federal Constitutions, and made no application to present proof, this court does not reach the merits of petitioners’ constitutional claims.
*871 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, without costs, in a memorandum.