Ilan S. Schoenberger, Esq. Office of County Attorney, Rockland County
I am writing in response to your request for an opinion as to a sheriff's responsibility for transporting defendants being held in jurisdictions beyond the sheriff's county. Specifically, you have asked (1) whether a sheriff is responsible for transporting persons being held in another state pursuant to an extradition request from a local court within the sheriff's jurisdiction; (2) whether a sheriff is responsible for transporting persons from another county within New York State pursuant to a warrant from a local court within the sheriff's jurisdiction; and (3) assuming that the first two questions are answered in the affirmative, whether the sheriff has the option of either performing the physical transporting or advising the local police agency that the county will assume the expenses.
Under the Uniform Criminal Extradition Act (UCEA), approved by New York and forty-seven other states, superior and local courts alike may request New York's governor to seek extradition of defendants at large in other states (Criminal Procedure Law, § 570.08). If the Governor grants the extradition request, a demand is then made on the Governor of the State in which the suspect is at large (id.). At the same time the Governor makes the demand, he also appoints an agent who is responsible for the delivery of the suspect to the proper law enforcement officer of the county in which the crime was committed (id., § 570.52). The selection of this agent is within the Governor's discretion, and apparently the sheriff is a potential agent.
The Federal Extradition Law (18 U.S.C. § 3181-3195) also allows for extradition requests to be made by superior and local courts (18 U.S.C. § 3182). As under the UCEA, the demanding authority appoints an agent to receive custody of the fugitive (18 U.S.C. § 3183).
The duty of a sheriff to arrest defendants sought on arrest warrants from localities within his county is set forth in the Criminal Procedure Law. Arrest warrants only can be issued by the court in which the underlying accusatory instrument has been filed (Criminal Procedure Law, §120.30[1]). Once issued, they may be addressed to any police officer whose jurisdiction includes the place where the crime was allegedly committed or the locality of the court that issued the warrant (id.,
§ 120.50). In the case of local courts, this would include the sheriff.
Warrants issued by district courts, by the New York City criminal court or by a superior court judge sitting as a local criminal court judge, may be executed by law enforcement officials anywhere in the State (id.,
§ 120.70[1]). Warrants issued by inferior courts may be executed in the county of issuance, or in any adjoining county or anywhere else in the state where the warrant has been endorsed in writing by the local criminal court of the county in which the arrest is to be made (id.,
§ 120.70[2]). Once endorsed, the warrant is deemed the process of the endorsing court as well as the process of the issuing court (id.). Where a defendant is in a county other than the one where the warrant is returnable, a police officer charged with executing the warrant may delegate this duty to an officer with jurisdiction in the other county, provided that the warrant is executable in that county without endorsement by a local criminal court therein (id., § 120.60[2]).
It is well settled that it is the sheriff's duty to transport defendants within the county to the proper court appearance or jail, unless the local court orders the transportation to be made by the local police authorities (Village of Walden v County of Orange, 85 A.D.2d 600 [2d Dept, 1981]; City of Newburgh v County of Orange, 85 A.D.2d 591, 592 [2d Dept, 1981]). This rule was also stated in a 1977 opinion of this office which found that "[t]he duty to transport prisoners remains the sheriff's regardless of whether a felony or lesser offense was committed by the prisoner in question" (1977 Op Atty Gen [Inf] 280).
In answer to your last question, if the sheriff is unable, or unwilling to provide the actual transportation service in those instances where transportation is a county responsibility, the village or town that provides the transportation is entitled to reimbursement from the county (Village of Walden v County of Orange, 85 A.D.2d 600 [2d Dept, 1981]).
We conclude that a sheriff could be responsible for transporting persons being held in another state pursuant to an extradition request from a local court within the sheriff's jurisdiction. If the sheriff is unable or unwilling to provide the actual transportation services in those instances where transportation is a county responsibility, the village or town that provides the transportation is entitled to reimbursement from the county.