OPINION OF THE COURT
Ralph A. Beisner, J.
The Town of Poughkeepsie, hereinafter referred to as the Town, located in the County of Dutchess, State of New York, is a duly organized municipal corporation with two Town Justices who conduct Criminal Terms of Justice Court, which involve individuals arrested for Penal Law violations committed within its jurisdiction. The Town of Poughkeepsie does not have jail facilities for persons incarcerated pending disposition of their cases and, therefore, after arraignment, it transports prisoners to the Dutchess County Jail for incarceration pending a further return to court. When a Town Justice wishes an incarcerated defendant returned to court for any purpose, he or she customarily executes an order to produce, commitment after examination, or commitment for examination. These documents are delivered to the Correction Department of the *313 Dutchess County Sheriff at the Dutchess County Jail, located in the City of Poughkeepsie.
On November 2, 1978, the Poughkeepsie Town Board unanimously passed a resolution directing the Town of Poughkeepsie Police Department to discontinue its practice of transporting its Justice Court prisoners from the Dutchess County Jail to the Town Court. The last paragraph of the resolution states that should the Sheriff, due to "inability or unwillingness, not transport the prisoners * * * the Town shall charge the County”. This resolution was then mailed to the Sheriff, and phone calls were placed to his office communicating the position of the Town. It is clear that former Sheriff Quinlan and his Under-Sheriff, and presently Sheriff Scoralick, were aware of the Town’s position. It is further uncontroverted that since November 1978, the Sheriff’s Department has contended that it is not their responsibility to transport prisoners directed to appear in Town Court.
The general procedure followed since at least 1979 is that the Town Justice designates the agency which has made the arrest to take custody of the prisoner from the Sheriff’s Department at the Dutchess County Jail and that officer then transports the prisoner to court, secures the prisoner in court, and returns the prisoner to the Dutchess County Jail after the proceedings in court. In the vast majority of cases, the arresting agency is the Town of Poughkeepsie Police Department, and it "or” the Sheriff’s Department is the agency designated to receive the prisoner, and transport him/her to court. When a Deputy Sheriff has made the arrest, he has been designated and has transported his. prisoner from the jail to court.
The Town has instituted this litigation, seeking a judgment:
"(1) Declaring that the Dutchess County Sheriff is required to transport to and from the Town Court in the Town of Poughkeepsie, prisoners committed to the custody of the Sheriff at the Dutchess County Jail;
"(2) Directing the defendants forthwith transport all prisoners committed to the custody of the Sheriff;
"(3) Awarding damages to the Town of Poughkeepsie”.
The court will hereafter address each prayer for relief separately.
(1) FIRST REQUESTED DECLARATORY RELIEF
The Sheriff of a County "shall receive and safely keep, in the county jail * * * every person lawfully committed to his *314 custody” (Correction Law § 500-c). Furthermore, "[w]hen a prisoner is committed to the custody of the Sheriff, it is the Sheriff who must transport him to and from the appropriate jail, unless the court delegates the responsibility to another officer (see Matter of Delaney [Polsen], 75 AD2d 642 * * *)” (City of Newburgh v County of Orange, 85 AD2d 591, 592; see also, Village of Walden v County of Orange, 85 AD2d 600; City of Poughkeepsie v County of Dutchess, 88 AD2d 964). While the relief sought in these cited cases was for a declaration that financial charges incurred by local municipalities for the transport of prisoners was properly a County expense, it is clear that the language therein is dispositive of the issue presented in this action. The law is clear that the Sheriff must transport Justice Court prisoners. A review of applicable statutes would further indicate the New York State Legislature intended that a County Sheriff be primarily responsible for the transport of committed prisoners from jail to court and, if necessary, back again (CPL 510.50, 550.10 [2] [a]). Based upon the foregoing the court makes the following decision regarding the first prayer for relief by the plaintiff.
It is ordered, adjudged and decreed:
I. That the Sheriff’s Department of Dutchess County has the primary, statutory responsibility to transport lawfully committed prisoners, in its custody, to and from the Town of Poughkeepsie Justice Court, upon the issuance of a lawful mandate therefor, by a Justice of said court.
(2) SECOND REQUESTED DECLARATORY RELIEF
Both the Town and the Sheriff have presented evidence that they do not have adequate manpower to properly secure and transport prisoners as well as their other mandated responsibilities. While it is clear that each agency is responsible for transporting prisoners, should they be so directed by the Justice Court (City of Newburgh v County of Orange, supra), this court is confronted with the prospect that immediate implementation of this order will have an adverse effect on the administration of the criminal justice system, not only in the Town of Poughkeepsie, but by extension, throughout Dutchess County. In the event the Town of Poughkeepsie Justice Court were to forthwith honor the resolution of the Poughkeepsie Town Board, and direct the Sheriff’s Department exclusively to produce prisoners, the latter would not have the necessary manpower to transport prisoners in a *315 manner consistent with the safety of the prisoners, officers and public. Such a potential disruption of the administration of courts and the criminal justice system constrains the court to invoke its inherent constitutional power (Gabrelian v Gabrelian, 108 AD2d 445 [1985]), sua sponte, and order the following:
It is further ordered, adjudged and decreed:
II. The Dutchess County Sheriffs Department shall begin the transport of prisoners to and from the Justice Court of the Town of Poughkeepsie, in compliance with the first decretal paragraph hereof, 90 days from the service, with notice of entry, of this decision and order upon the Sheriff of Dutchess County.
III. All expenses incurred by the Town of Poughkeepsie during said 90-day period from service and implementation of this order, by reason of the transport of prisoners because of the inability or refusal of the Sheriff, shall be a County expense.
DAMAGES
The Town of Poughkeepsie has the burden of proving, by a fair preponderance of the credible evidence, that they have sustained damages as a result of the Dutchess County Sheriffs inability or refusal to transport prisoners pursuant to a direction of the Town of Poughkeepsie Justice Court.
The statutory scheme and mandates of the Criminal Procedure Law give the courts exclusive discretion in regard to who it will direct to produce a previously committed prisoner. (CPL 510.50, 550.10 [2] [a].) Therefore, the Town would only be entitled to reimbursement in the event the Sheriff were exclusively delegated to transport and produce the prisoners (City of Newburgh v County of Orange, supra).
This record is devoid of such an exclusive mandate. It was standard procedure to issue orders to produce, in the names of the Town police or the Sheriffs Department. The County would only be responsible for the cost of transporting prisoners should the Sheriff refuse, or be unable to comply with an order requiring them alone to transport.
It should also be noted that the plaintiffs proof of damages, in part, consisted of "transportation logs”. The testimony was unclear as to whether these logs reflected transportation of defendants from arraignment to the Dutchess County Jail. Such a trip would not be a proper County charge, since actual *316 physical custody in compliance with an order of commitment, had not occurred pursuant to the Sheriffs statutory mandate. Therefore, even if an exclusive order to produce were found requiring the Sheriff to transport, there was a failure of proof regarding a method of computation of damages. For the above-stated reasons, the court must decline to award the plaintiff damages herein.
The court further holds that the plaintiff has failed to comply with the mandate of County Law § 52. That statute requires a claim for damages against a County alleging an omission of duty by a County officer or agent, to "be made and served in compliance with section [50-e] of the general municipal law.” (Brownstein v County of Westchester, 51 AD2d 792.) The evidence before this court requires a finding that no notice of claim or indeed a claim for payment (see, County Law §§ 369, 657-a) has ever been served upon the County of Dutchess. Such an omission is jurisdictional and requires the dismissal of the cause of action for damages against the County of Dutchess (Mills v County of Monroe, 59 NY2d 307 [1983]), and Fred Scoralick as Dutchess County Sheriff (Boyle v Kelley, 42 NY2d 88 [1977]).
All applications, motions and requests for relief, not specifically granted herein, are denied. The plaintiff is awarded costs and disbursements.