■ KENNETH ROSE, Respondent, v THOMAS J. GOLDRICK, Appellant.—In a proceeding to prohibit the respondent from transferring the petitioner from the Rockland County Jail to

the Erie County Holding Center, the appeal is from a judgment of the Supreme Court, Rockland County (Meehan, J.), entered January 30, 1987, which granted the petition.

Ordered, that the judgment is reversed, on the law, without costs or disbursements, and the proceeding is dismissed.

Due to overcrowded conditions at the Rockland County Jail, the New York State Commission of Correction designated the Erie County Holding Center as a substitute jail, pursuant to the authority vested in it by Correction Law § 504 (2) to designate such substitute facilities upon appropriate application when a local facility has become "unfit or unsafe for the confinement of some or all of [its] inmates".

The petitioner Kenneth Rose was 1 of 10 prisoners chosen for transfer. On the day of the transfer, he brought the instant proceeding on the ground that his transfer to the Erie County Holding Center, which is located in Buffalo, would be a violation of his right under the 8th Amendment of the US Constitution to be free from cruel and unusual punishment. The transfer was stayed pending a hearing. At that hearing, the Superintendent of the Rockland County Jail testified that Rose was chosen for transfer because his release date closely coincided with that of the other nine prisoners, thus making only one overnight trip to pick up the prisoners necessary. The petitioner was also chosen due to his lack of disciplinary problems and his lack of any serious medical disorders. The Superintendent testified that he was aware that the petitioner was on medication for hypertension; however, this was not a serious enough medical condition to prevent a transfer. The Superintendent explained that the county did not transfer prisoners with serious medical problems because the costs of the prisoner's treatment would have to be borne by the county. The prison doctor who was treating the petitioner testified that his hypertension could be adequately treated by a doctor at the Erie County Jail and he saw no medical reason to prevent the transfer.

The court found that, in light of the petitioner's medical problems, his selection for transfer was arbitrary and capricious. Thus, it granted the petitioner the relief he requested. We are of the opinion that the court's holding improperly invaded the province of the prison authorities, and thus we reverse.

The role of the judiciary in reviewing the action of prison officials in choosing prisoners for transfer pursuant to a valid order in accordance with Correction Law § 504 is limited *(see,*

*People v Boudin,* 100 AD2d 266), as it is not the court's function to oversee the day-to-day running of the prison system. Thus, as the selection of the petitioner was rationally based upon such factors as his release date, the lack of disciplinary problems with him, and his lack of severe medical problems, the court erred in prohibiting the transfer *(see, Matter of Adams v Meloni,* 63 NY2d 868). The fact that another prisoner, free of any medical problems, may arguably have been a better choice, will not invalidate the appellant's decision to transfer the petitioner.

Additionally, the petitioner's contention that the transfer was violative of his rights under the 14th Amendment of the US Constitution is without merit. It is well settled that "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose" *(Meachum v Fano,* 427 US 215, 225). Thus, transfer from one prison to another, either within or without the State, does not implicate any liberty interest within the meaning of the Due Process Clause of the 14th Amendment *(see, Meachum v Fano, supra; Olim v Wakinekona,* 461 US 238).

The petitioner has also failed to tender proof of a violation of the right under the 8th Amendment of the US Constitution to be free from cruel and unusual punishment.

Accordingly, the proceeding should be dismissed. Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.