Requestor: Glenn S. Hackett, County Attorney County of Niagara Niagara County Courthouse Lockport, New York 14094-2740
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
Your office has asked whether a county may hire a private extradition service to assist in the transportation and detention of prisoners requiring extradition back to Niagara County from other jurisdictions.
Under section 500-c of the Correction Law, sheriffs* have custody of the county jail and are charged with the duty to receive and keep safely every person lawfully committed to their custody (Correction Law, § 500-c; 1987 Op Atty Gen [Inf] 102; 1980 Op Atty Gen [Inf] 244). Persons are committed to the custody of the county jail to secure their attendance at a pending criminal action, or to serve sentences of incarceration. Commitment to the custody of the sheriff for those purposes can come at various stages in the proceeding, including the arraignment (Criminal Procedure Law, § 210.15), the sentencing (id.,
§ 430.20), following denial of a bail application (id., § 510.40) and pursuant to a surrender prior to forfeiture of bail (id., § 530.80). Commitment may also be made pursuant to a securing order (id.,
§ 510.10).
Whatever the circumstances of an individual's confinement, once committed to the custody of the sheriff, the sheriff has a duty to "receive and safely keep" such person in the county jail (Correction Law, §500-c[4]). It is well established that this duty is non-delegable (Kemp vWaldron, 125 Misc.2d 197 [Sup Ct, Schenectady Co, 1984], affd115 A.D.2d 869 [3d Dept, 1985]; Wilson v Sponable, 81 A.D.2d 1 [4th Dept], app dsmd 54 N.Y.2d 834 [1981]; Edwards v County of Onondaga,39 Misc.2d 443 [Sup Ct, Cayuga Co, 1963]; 1980 Op Atty Gen [Inf] 244).
The sheriff also has the duty to transport prisoners and other persons committed to his custody. The Criminal Procedure Law provides that the sheriff has the responsibility to transport persons from the county jail to court appearances within the county (CPL, §§ 430.30, 510.50). In some circumstances, the detainees may be moved by local police officers pursuant to court order (see CPL, §§ 510.10. et seq.), but the expense of their transportation remains a county charge (County Law, §657-a; County of Dutchess, 88 A.D.2d 964 [2d Dept, 1982]; City ofNewburgh v County of Orange, 85 A.D.2d 591 [2d Dept, 1981]; Village ofWalden v County of Orange, 85 A.D.2d 600 [2d Dept, 1981]; Town ofPoughkeepsie v County of Dutchess, 129 Misc.2d 312 [Sup Ct, Dutchess Co, 1985]; 1977 Op Atty Gen [Inf] 280). The local police officer's authority to arrest, detain and transport wanted persons is not a delegation of the sheriff's authority but is independently derived from the police officer's authority to execute arrest warrants (CPL, §§ 1.20[34],120.10, et seq.).
In addition, section 560.10 of the Criminal Procedure Law authorizes judges of superior and local criminal courts to order, under certain circumstancess, the production of defendants held in the county jail, another county's jail or a State correctional institution.
With regard to wanted persons incarcerated or at large in another state, the Uniform Criminal Extradition Act provides a detailed, comprehensive procedure for extradition. New York has enacted the Act as part of the Criminal Procedure Law (CPL, §§ 570.02-570.66). Under the Act, the governor of the state seeking extradition of a defendant held in another state may make a demand for extradition to the governor of the state where the defendant resides or is confined (CPL, §§ 570.06, 570.08). If the governor of the state of residence decides that the demand should be complied with, he issues an arrest warrant to be executed by any police officer, or some other designated person (id., §§ 570.18, 570.20, 570.22). The defendant, once arrested, is to be turned over to the authorized agent of the state seeking extradition (id., § 570.52).
The Act is silent on the question of whether private extradition companies may serve as the "authorized agent" of the state pursuant to CPL, § 570.52. In our view, a private extradition service is not authorized. In New York, transportation and custody of prisoners, defendants and other detainees has traditionally been a non-delegable duty of the county sheriff or the particular arresting officer, acting pursuant to particular statutory authorization. No such statutory authorization exists for transportation of detainees by private parties.
Furthermore, we note that employment of private parties for extradition services without specific legislative authority raises practical problems. Under New York law, only police and peace officers are empowered to execute warrants and to make arrests (other than citizen's arrests) (CPL, §§ 120, et seq., 140, et seq.). See also, County Law, §§654, 655 establishing the authority of a sheriff to deputize local police and peace officers and special deputies in emergencies. If it became necessary to arrest a detainee during the course of his transportation the State would have to rely on the private company's authority to perform a citizen's arrest. Furthermore, the crime of escape (Penal Law, §§ 205.00, et seq.) is based on escape from "custody", which is defined as "restraint by a public servant pursuant to an authorized arrest or an order of a court" (Penal Law, § 205.00[2]). The question of whether private extradition services would qualify as public servants under section 205.00, makes it unclear whether an escape from such a private service would be punishable as a crime.
We conclude that private extradition services are not authorized under New York law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* In the City of New York, and in the counties of Westchester and Monroe, a different public official carries out these duties.