Requestor: Ilan S. Schoenberger, Esq., County Attorney County of Rockland County Office Building New City, New York 10956
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether the sheriff's custody of an individual pursuant to a commitment order terminates when the sheriff delivers that individual to justice court for purposes of a court appearance.
Under the Correction Law, the sheriff has custody of all persons who have been committed to the county jail. (Correction Law, § 500-c.)[1]
Your letter notes that the Rockland County sheriff recognizes and performs his duty to transport these individuals from the county jail to whatever local court which has directed them to appear, and also for return transportation from the court back to the jail. Your question is whether the sheriff is also responsible for guarding these individuals while they are in the courtroom, awaiting their appearance before a local Justice Court.[2]
The Criminal Procedure Law contains numerous provisions which authorize a judge to issue a securing order which does one of three things: releases an individual on his or her own recognizance; fixes bail; or commits the defendant in a criminal action (and various other individuals) to the county jail in the custody of the sheriff. For example, CPL, § 510.10
provides as follows:
 "When a principal, whose future court attendance at a criminal action or proceeding is or may be required, initially comes under the control of a court, such court must, by a securing order, either release him on his own recognizance, fix bail or commit him to the custody of the sheriff".
(See also, CPL, §§ 210.45[9], 530.12[11][a], 530.45[1], 530.60[1],570.36, 620.40[2].)
The Criminal Procedure Law defines what is meant by the term "commit to the custody of the sheriff":
 "A court commits a principal to the custody of the sheriff when, having acquired control over his person, it orders that he be confined in the custody of the sheriff during the pendency of the criminal action or proceeding involved" (CPL, § 500.10[4]).[3]
The duration of the commitment is for the pendency of the criminal action.
Section 510.10 of the CPL provides that whenever a securing order is revoked or otherwise terminated, but the principal's future attendance is still required, a new securing order must be issued. The section goes on to provide that whenever a securing order is revoked or otherwise terminated, the court must give written notice to the sheriff who has custody over the individual (CPL, § 510.10).
During the pendency of the criminal action, and while the defendant is in the custody of the sheriff, it becomes necessary for the defendant to make court appearances for various reasons — trial, sentencing, etc. (CPL, §§ 210.10, 210.45, 460.50, 460.60, 510.50, 620.70). The court may direct the sheriff to produce the defendant, or he may direct any other appropriate police agency to produce the defendant (CPL, §210.10; City of Newburg v County of Orange, 85 A.D.2d 591, 592 [2d Dept, 1981]; Matter of Delaney v Polsen, 75 A.D.2d 642, 643 [2d Dept], lv den51 N.Y.2d 707 [1980]).
In Newburg and Delaney, the issue was whether the sheriff was responsible for the expense of transporting the prisoner to and from the court. These cases established the rule that the sheriff is responsible for the expense of delivering and returning the defendant, unless the court order specifically directs another policy agency to produce the defendant. In situations where the sheriff is responsible for producing the defendant, yet is unwilling or unable to do so, the local police agency which does provide the transportation will be reimbursed by the county (id.; City of Poughkeepsie v County of Dutchess, 88 A.D.2d 964
[2d Dept, 1982]; Village of Walden v County of Orange, 85 A.D.2d 600 [2d Dept, 1981]; County Law, § 657-a).
None of these cases, however, address the question raised in your letter as to who has custody over the defendant while he is in the courtroom awaiting his of her appearance before the justice court.
We believe the answer to your question is found in the definition of the commitment order, which gives the sheriff custody of a defendant "during the pendency of the criminal action or proceeding" (CPL, §500.10[4]). The very plain language of this provision provides that the sheriff has custody of the defendant until the criminal proceeding is over. Furthermore, the securing order which commits the defendant to the custody of the sheriff cannot be revoked or terminated unless the sheriff is given written notice by the court (CPL, § 510.10). When a justice court directs that the sheriff produce a defendant held in his custody, the sheriff's custody of the defendant is not terminated or revoked. Section 510.50 of the CPL, which authorizes judges to direct the sheriff to produce a defendant, contains nothing which indicates that the order to produce terminates the sheriff's custody:
 "When the attendance of a principal confined in the custody of the sheriff is requested at the criminal action or proceeding at a particular time and place, the court may compel such attendance by directing the sheriff to produce him at such time and place" (CPL, § 510.50).
Furthermore, it is logical to assume the sheriff has primary responsibility for providing security in justice court inasmuch as some justice courts have no other enforcement or security officer. The sheriff is the only police or peace officer available to provide security. There is no provision in the Judiciary Law which establishes attendants or court officers for justice court (see Judiciary Law, §§ 321 et seq.). The Uniform Justice Court Act provides that, with regard to criminal matters, any peace or police officer "to whom the process or mandate of the court is delivered . . . shall be the enforcement officer of the court" (Uniform Justice Court Act, § 110[b]). A sheriff who is directed by a town or village justice to produce a defendant in his custody meets this definition, and would act as the justice court's enforcement officer, with the attendant responsibility to guard the detainee during the court appearance.
We conclude that when a town or village justice directs that the county sheriff produce a defendant in his custody for an appearance in justice court, the sheriff is responsible for delivering the defendant to the justice court and is also responsible for guarding the defendant while at the justice court facility, awaiting his or her appearance.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
[1] These individuals include persons committed to secure their attendance as witnesses in criminal proceedings; persons held on criminal charges and committed for trial or examination; persons committed for contempt or upon civil process; and persons convicted of a crime and sentenced thereto (Correction Law, § 500-a).
[2] Your office has informed us that the issue does not arise for transportation of detainees to Supreme and County Courts inasmuch as the sheriff provides security for these courts pursuant to an agreement with the Office of Court Administration.
[3] "Custody", in turn, is defined in section 205.00(2) of the Penal Law: "`Custody' means restraint by a public servant pursuant to an authorized arrest or an order of court."